# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARIAN GRECO, #Y25530, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 20-cv-00012-JPG |
| ) | |
| VIPIN SHAH, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM & ORDER

**GILBERT, District Judge:**

Plaintiff Darian Greco, an inmate in the custody of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Robinson Correctional Center ("Robinson"), brings this action pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff claims that Dr. Vipin Shah denied him medical treatment for cholesteatoma, an abnormal growth behind his eardrum. (Doc. 1, pp. 1-54). The condition can destroy the delicate bones in the middle ear and impact hearing, balance, and facial muscle function.[1] When Plaintiff reported symptoms of hearing loss, facial paralysis, and pain in July 2018, Dr. Shah disregarded his complaints and delayed medical treatment for his condition. (*Id.*). Plaintiff brings an Eighth Amendment medical deliberate indifference claim against Dr. Shah. (*Id.*). He seeks declaratory judgment and money damages.[2] (*Id.* at p. 17).

---

[1] *See* https://www.healthline.com/health/cholesteatoma (site last visited April 14, 2020).
[2] Plaintiff does not explicitly request an injunction in the Complaint, but he asks the Court to "[r]etain jurisdiction of the case until defendants have fully complied with the orders of this Court and there is reasonable assurance that defendant will continue to comply in the future." (*Id.* at p. 17, ¶ 70). If he requires injunctive relief during the pending action, Plaintiff may file a motion for a temporary restraining order and/or preliminary injunction pursuant to Federal Rule of Civil Procedure 65(a) and/or (b) at any time during the pending action. If he chooses to do so, he should specify what relief he requires (*e.g.*, diagnostic testing and/or treatment) and provide a brief summary of his attempts to obtain the relief from Dr. Shah.

1

The Complaint is subject to review under 28 U.S.C. § 1915A. Section 1915A requires the Court to screen prisoner complaints and filter out non-meritorious claims. 28 U.S.C. § 1915A(a). Any portion of the Complaint that is legally frivolous or malicious, fails to state a claim for relief, or requests money damages from an immune defendant must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations are liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

**The Complaint**

Plaintiff makes the following allegations in the Complaint: On March 8, 2011, Plaintiff was diagnosed with and treated for cholesteatoma. (Doc. 1, p. 3). A surgeon from University of Chicago removed a tumor from Plaintiff's left ear and inserted a eustachian tube. Plaintiff was given instructions to return immediately if he experienced complications.

Plaintiff noticed bloody leakage from his left ear in June 2018, soon after he was taken into IDOC custody. (*Id*. at p. 4). He described these symptoms to Dr. Shah for the first time at Robinson on July 10, 2018. The doctor ordered no tests and diagnosed him with a simple ear infection. (*Id*. at p. 5). He prescribed a two-week course of antibiotics. Despite completing the treatment, Plaintiff's symptoms progressed to include hearing loss and pain. When he reported these new symptoms to Dr. Shah, the doctor prescribed him another two-week course of antibiotics on July 25, 2018. Plaintiff began suffering from facial paralysis the following day.

Warden Neese intervened on Plaintiff's behalf and requested emergency treatment. A nurse suggested that Plaintiff had Bell's Palsy. Dr. Shah agreed with the diagnosis and said no treatment was necessary. The condition would resolve in time. During the next four months, Plaintiff suffered from progressive hearing loss, left ear leakage, facial paralysis, and pain. (*Id*. at

pp. 5-8). He reported these symptoms to Dr. Shah, who declined to test or treat him for twenty weeks. (*Id*. at pp. 8-11).

Finally, in late November 2018, Dr. Shah sent Plaintiff to an outside specialist. In the year that followed, Plaintiff was seen by numerous specialists, while Dr. Shah interfered in and delayed diagnostic testing and treatment. On October 30, 2019, Plaintiff learned that he was suffering from recurring cholesteatoma and needed surgery to prevent the condition from spreading to his brain. Surgery was nevertheless delayed, and Plaintiff suffered from complete hearing loss in his left ear as a result. (*Id*. at pp. 13-14). He alludes to the need for additional treatment but does not explain what treatment has been recommended. (*Id*.).

Based on the allegations, the Court finds it convenient to designate the following claim in the *pro se* Complaint:

> **Count 1:** Eighth Amendment claim against Dr. Shah for denying or delaying Plaintiff's medical treatment for cholesteatoma, left ear leakage, hearing loss, facial paralysis, and pain beginning in July 2018 at Robinson.

**Any claim that is mentioned in the Complaint but not addressed herein is considered dismissed without prejudice as inadequately pled under *Twombly*.**[3]

## Discussion

Prison physicians violate the Eighth Amendment when they respond with deliberate indifference to an objectively serious medical condition that poses an excessive risk to an inmate's health. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). This includes the decision to ignore medical conditions obviously in need of treatment. *Dixon v. County of Cook*, 819 F.3d 343, 350 (7th Cir. 2016) (deliberate indifference claim stated against prison physician and nurse who knew of prisoner's chest tumor but offered only non-prescription pain medication and discharged him

---

[3] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

3

from the prison's hospital).  The decision to delay surgery may amount to deliberate indifference, depending on the seriousness of the medical condition, the ease of providing treatment, and the pain caused by the delay.  *Burns v. Fenoglio*, 525 F. App'x 512 (7th Cir. 2013) (eight month delay in performing surgery to remove painful hip tumor supported claim of deliberate indifference at summary judgment); *Smith v. Knox Cnty. Jail*, 666 F.3d 1037, 1040 (7th Cir. 2012) ("Even a few days' delay in addressing severely painful but readily treatable condition suffices to state a claim of deliberate indifference").  The allegations articulate a deliberate indifference claim against Dr. Shah for delaying diagnostic testing, treatment, and a referral necessary to address Plaintiff's cholesteatoma.  Accordingly, Count 1 shall receive further review.

## Disposition

**IT IS ORDERED** that the Complaint (Doc. 1) survives screening.  **COUNT 1** will proceed against Defendant **DR. VIPIN SHAH**.  **Because Count 1 arises from the alleged denial of medical care, the Clerk of Court is DIRECTED to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

**IT IS ORDERED** that the Clerk of Court shall prepare for Defendant **DR. VIPIN SHAH**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint (Doc. 1), and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff.  If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

**IT IS ORDERED** that, if a Defendant can no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with that Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g). **Pursuant to Administrative Order No. 244, Defendant should only respond to the issues stated in this Merits Review Order.**

**IT IS ORDERED** that if judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, even though his application to proceed *in forma pauperis* was granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that he is under a continuing obligation to inform the Clerk of Court and each opposing party of any address changes; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 4/14/2020**

s/J. Phil Gilbert
**J. PHIL GILBERT**
**United States District Judge**

## Notice

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your complaint. It will likely take at least 60 days from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take 90 days or more. When all of the defendants have filed answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, in order to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. The plaintiff need not submit any evidence to the court at this time, unless otherwise directed by the Court.