IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DARIAN GRECO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 20-cv-12-RJD |
| | ) |
| DR. VIPIN SHAH, | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**DALY, Magistrate Judge:**

This matter is before the Court on Defendant's Motion for Sanctions (Doc. 30). For the reasons set forth below, Defendant's Motion is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**

## Background

Plaintiff Darian Greco is a former inmate in the custody of the Illinois Department of Corrections ("IDOC"). Plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Robinson Correctional Center. Plaintiff is proceeding in this action on an Eighth Amendment deliberate indifference claim against Dr. Shah for denying or delaying Plaintiff's medical treatment for cholesteatoma, left ear leakage, hearing loss, facial paralysis, and pain.

On February 16, 2021, the Court entered a Scheduling and Discovery Order setting the discovery deadline for December 17, 2021 (*see* Doc. 27). Upon entry of the Scheduling Order, the parties were allowed to engage in discovery on the merits. Defendant Dr. Shah served interrogatories and requests for production of documents on Plaintiff on February 17, 2021. Plaintiff failed to respond to these requests and, on May 26, 2021, Defendants moved to compel

his response (*see* Doc. 28). The Court granted Defendant's motion to compel on August 10, 2021, and Plaintiff was ordered to provide responses to Defendant's discovery requests by August 24, 2021. The Court advised Plaintiff that if he failed to abide by the Court's Order, the undersigned would entertain a request for sanctions by Defendants, up to and including dismissal of this lawsuit.

On September 3, 2021, Defendant Shah filed a motion for sanctions seeking dismissal of this matter pursuant to Rule 37 of the Federal Rules of Civil Procedure and the Court's inherent authority. Defendant argues dismissal is appropriate due to Plaintiff's failure to comply with the Court's order and failure to serve written answers or objections to their written discovery requests. Defendant Shah asserts Plaintiff's conduct has needlessly delayed this litigation.

The Court also notes there is nothing in the docket to suggest Plaintiff has not received any of the filings in this matter and Plaintiff has not yet responded to Defendant's Motion for Sanctions.

## Discussion

A case may be dismissed pursuant to Rule 37 of the Federal Rules of Civil Procedure when the Court finds "willfulness, bad faith or fault on the part of the defaulting party." *Brown v. Columbia Sussex Corp.*, 664 F.3d 182, 190 (7th Cir. 2011). However, the sanction of dismissal must be "proportionate to the circumstances." *Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009).

This Court also has the inherent authority to dismiss a case for a plaintiff's failure to prosecute. *O'Rourke Bros. Inc. v. Nesbitt Burns, Inc.*, 201 F.3d 948, 952 (7th Cir. 2000). Such a dismissal may be made "when there is a 'clear record of delay or contumacious behavior.'" *Daniels v. Brennan*, 887 F.2d 783, 785 (7th Cir. 1989) (internal citations omitted). In this instance, Plaintiff failed to comply with the Court's order directing him to respond to

Defendant's written discovery by August 24, 2021. Indeed, Defendant asserts, and Plaintiff has not contradicted his assertion, that Plaintiff wholly failed to respond to his discovery requests initially served in February 2021. Plaintiff also failed to respond to Defendant's motion for sanctions despite being provided ample time and opportunity to do so.

The Court finds that the conduct described above demonstrates a clear record of delay and contumacious conduct that has needlessly delayed this litigation. Accordingly, the Court finds dismissal is appropriate.

While the Court notes there are lesser sanctions available, they would be unavailing as Plaintiff has clearly lost interest in litigating this matter. Moreover, the Court finds Defendant would be prejudiced if this matter were allowed to languish on the Court's docket any longer.

### Conclusion

For the foregoing reasons, Defendant's Motion for Sanctions (Doc. 30) is **GRANTED** and this matter is **DISMISSED WITH PREJUDICE**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: October 20, 2021**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**